FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ NOV 21 2011 ★
BROOKLYN OFFICE

C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
ASIRUS MA'AT EL,

                 Plaintiff,

- against -

VESID ORGANIZATION QUEENS ACCESS,
NEW YORK STATE EDUCATION
DEPARTMENT OFFICE OF VOCATIONAL
EDUCATIONAL SERVICES FOR
INDIVIDUALS WITH DISABILITIES,
ANDREA BRANT, JOHN NORDOZZI, and
HOWARD CASPEN,

                 Defendants.
-------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

11 Civ. 3228 (BMC)(RLM)

**COGAN**, District Judge.

## BACKGROUND

Plaintiff is a serial *pro se* litigant[1] who has brought two suits against ACCES-VR (f/k/a VESID), the New York State Agency charged with providing supportive employment referrals and counseling services to the disabled. This is the second of those two suits. Plaintiff has also named as defendants a number of ACCES employees, principally the vocational counselors assigned to his case. In essence, plaintiff contends that ACCES has failed to provide adequate services to him, and he has accused at least one of his counselors of being racist. Plaintiff asserts various constitutional and statutory claims, and defendants have moved to dismiss them for lack of subject matter jurisdiction and failure to state a claim.

---

[1] There are six cases on file in this Court, including this one, and two in the Southern District of New York.

Plaintiff brought his first action after defendants had closed his file upon reaching the conclusion that they were unable to help him due in substantial part to his refusal to cooperate or accept their conclusions about what training and employment would be appropriate for him. I dismissed the case without prejudice because plaintiff had failed to exhaust his administrative remedies under the Rehabilitation Act, 29 U.S.C. § 720(a)(2)(B). In my order of dismissal, I excerpted the relevant procedures that plaintiff had to follow to request an impartial hearing. See El v. Vesid Org. and Affiliates, No. 10 Civ. 5781, 2011 U.S. Dist. LEXIS 8352 (E.D.N.Y. Jan. 27, 2011).

Plaintiff followed this advice and obtained an impartial hearing, which was resolved in his favor on April 22, 2011 in a thorough and lengthy decision. The Impartial Hearing Officer found that ACCES, through its counselors, had acted "precipitously, and as such, inappropriately in closing [plaintiff's] case." Essentially, the Hearing Officer found that the counselors had erred in referring plaintiff to a clinical psychologist instead of a neuropsychologist because it was clear that plaintiff has neurological issues. The Hearing Officer directed reopening of the case and recommended plaintiff's reassignment to different counselors and referral for a neuropsychological evaluation to determine whether plaintiff has the ability to benefit from vocational rehabilitation services. However, the Impartial Hearing Officer rejected plaintiff's claim that ACCES was racially biased, and stated that he cannot be allowed to "unilaterally dictate his vocational rehabilitation services." (For example, plaintiff had demanded training as an Emergency Medical Technician and college training for web design.)

Plaintiff interpreted this decision as confirming the violation of his constitutional and statutory rights, and therefore commenced the instant action for $10 million.

## DISCUSSION

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006) (citation and internal quotation marks omitted), a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955).

In light of plaintiff's *pro se* status, I have attempted to discern whether there are any claims for relief arising out of the facts he alleges, including the description of the events contained in the Hearing Officer's decision, which plaintiff has annexed to his complaint. The potential claims seem to fall into three groups: (1) Title VII or 42 U.S.C. § 1983 claims based on racial discrimination (the former of which plaintiff cites); (2) section 1983 claims based on a deprivation of due process; and (3) claims based on the closure of plaintiff's vocational rehabilitation case under Title I of the Rehabilitation Act, 29 U.S.C. § 720 et seq. None of these provisions can support plaintiff's claims.

First, plaintiff has failed to state any claim for racial discrimination. Putting aside the fact that he is not an employee or applicant for employment, thus excluding claims under Title

3

VII, plaintiff fails to allege a single fact that would support a claim of racial discrimination. In reaching this conclusion, I have considered plaintiff's multiple opportunities to offer such facts – his prior complaint, the proceedings before the Hearing Officer, the current complaint, and his oppositions to defendants' motion – and there is simply nothing alleged. It appears that what has happened is that when plaintiff receives a determination with which he disagrees, he attributes it to racism. But under Iqbal and Twombly, plaintiff must allege facts from which it could be plausibly inferred that he was discriminated against because of his race; the mere fact that he is a member of a minority group and something happens to him that he does not like is not nearly sufficient. See Iqbal, 556 U.S. 662, 129 S. Ct. at 1954; Forde v. Empire State College, No. 10 Civ. 9446, 2011 U.S. Dist. LEXIS 105767, at *8-10 (S.D.N.Y. Sep. 19, 2011); Bishop v. Best Buy, Co., No. 08 Civ. 8427, 2010 U.S. Dist. LEXIS 110631, at *38-39 (S.D.N.Y. Oct. 13, 2010); see also Hayden v. Paterson, 594 F.3d 150, 162-63 (2d Cir. 2010).

As to plaintiff's due process claim, putting aside the fact that there is no constitutional right to vocational counseling, the process that plaintiff has been receiving appears to be exactly what the law requires. He received an adverse benefits decision, he appealed it administratively, and it was reversed with instructions to provide him additional benefits (i.e., evaluation and counseling). There can be no due process violation when a plaintiff receives all of the process required by law. See O'Connor v. Pierson, 426 F.3d 187, 196 (2d Cir. 2005); Harhay v. Town of Ellington Bd. of Educ., 323 F.3d 206, 213 (2d Cir. 2003); Wasser v. N.Y. State Office of Voc. & Educ. Servs. for Individuals with Disabilities, 683 F. Supp. 2d 201, 216 (E.D.N.Y. 2008).

For similar reasons, any claim under the Rehabilitation Act also fails. That Act does not give plaintiff a claim for money damages because his file was improperly closed, as he seems to believe; it entitles him to an administrative appeal to have his file reopened, which plaintiff took

4

and in which he prevailed. Since plaintiff does not challenge the Hearing Officer's decision and is now receiving the services which the statute requires, he is not "aggrieved" by the administrative determination and cannot maintain an action for damages. See 29 U.S.C. § 722(c)(5)(J)(i); Doe v. Pfrommer, No. 93 Civ. 116, 1997 U.S. Dist. LEXIS 3842, at *20 (N.D.N.Y. Mar. 19, 1997), reversed on other grounds, 148 F.3d 73 (2d Cir. 1998); see also Wasser v. N.Y. State Office of Voc. & Educ. Servs. for Individuals with Disabilities, 602 F.3d 476, 478-79 (2d Cir. 2010) (standard of judicial review under the Rehabilitation Act and the Individual's with Disabilities Education Act ("IDEA") is the same based on the statutes' nearly identical language); McAdams v. Bd. of Ed. of Rocky Point Union Free Sch. Dist., 216 F. Supp. 2d 86, 93-94 (E.D.N.Y. 2002) (a party successful in an administrative appeal under IDEA is not aggrieved).

Given the contentiousness of the administrative proceedings to date and the expectations that plaintiff appears to have regarding its outcome, there may come a point where ACCES determines that it can do no more for plaintiff or that it is compelling plaintiff to obtain training which he believes is unsatisfactory; at that point, review of that decision may be sought. Hopefully, however, the decision of the Hearing Officer and the consequent reassignment of new vocational counselors will result in plaintiff receiving the services he needs. Unless the former situation transpires, plaintiff will remain unable to state a claim under the Rehabilitation Act.

Finally, the Court notes that in light of plaintiff's *pro se* status, it has considered whether further amendment might help plaintiff state a claim. However, given plaintiff's multiple opportunities to do so as described above, his fundamental misunderstanding about his rights under the Rehabilitation Act, and the Hearing Officer's detailed description of the events giving rise to this case, the Court determines that further amendment would be futile. See Ellis v. Chao,

336 F.3d 114, 127 (2d Cir. 2003); Hobson v. Fischer, No. 10 Civ. 5512, 2011 U.S. Dist. LEXIS 25803, at *23-24 (S.D.N.Y. Mar. 14, 2011).

## CONCLUSION

Defendants' motion to dismiss is granted and the complaint is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
November 18, 2011